UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TOM ROSS,

       Petitioner,

          v.                            CAUSE NO. 3:26-CV-455-CCB-SJF

WARDEN,

       Respondent.

## **OPINION AND ORDER**

Tom Ross, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 to challenge the decision of the Indiana Parole Board in February 2026 to require him to serve the remainder of his 60-year sentence for murder in Case No. 18D01-9410-CF-43.[1] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Ross' habeas claim is difficult to parse, but, upon careful review of the petition and the decision of the Indiana Court of Appeals on a similar claim in *Ross v. English*, 270 N.E.3d 526 (Ind. Ct. App. 2025), it appears that the relevant facts are as follows. While serving his sentence for murder, he was released on parole. While still on parole in August 2022, he was charged with a misdemeanor and detained at the Tippecanoe County Jail, and the Indiana Parole Board charged him with a parole violation. In

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/

January 2023, he pled guilty to the misdemeanor and was sentenced to 180 days consecutive to his murder sentence. At the misdemeanor sentencing hearing, the trial court observed that the parties had agreed that Ross had served his misdemeanor sentence in full based on the time he spent in pretrial detention at the Tippecanoe County Jail. In February 2023, the Indiana Parole Board revoked his parole and required him to serve the remainder of his murder sentence in a correctional facility.

Based on these facts, Ross asserts that the Indiana Parole Board implemented a "parole stop" to allow Ross to "serve his second, consecutive misdemeanor case" and then "reconstituted" his murder sentence. According to Ross, the Indiana Parole Board lacked the statutory authority to implement a "parole stop" and also to "restart" his parole and then require him to serve the remainder of his murder sentence.

This claim suffers from a number of problems. To start, it is unclear how the Indiana Parole Board implemented a "parole stop" to allow him to serve his misdemeanor sentence. The court is unfamiliar with the term "parole stop," and Ross does not explain his basis for believing that the Indiana Parole Board implemented one or any potential mechanism for doing so. Moreover, the Tippecanoe Superior Court decided that Ross had already served his misdemeanor sentence, and the Indiana Parole Board was not a party to the misdemeanor case, so it does not appear that the Indiana Parole Board had an active role in the misdemeanor sentencing decision. As far as the court can tell, Ross remained on parole while in pretrial detention for the misdemeanor charge and thereafter until the Indiana Parole Board revoked it in February 2023. *See* Ind. Code § 35-50-6-1(b) ("A person released on parole remains on

2

parole from the date of release until the person's fixed term expires, unless the person's parole is revoked or the person is discharged from that term by the parole board.").

Ross also does not explain why he believes the Indiana Parole Board's alleged implementation of a "parole stop," even if unlawful, would have divested its authority to order him to serve the remainder of his murder sentence. While a parole discharge or "turn over" might have divested the Indiana Parole Board of such authority, *see Meeker v. Indiana Parole Bd.*, 794 N.E.2d 1105, 1109 (Ind. Ct. App. 2003), Ross expressly distinguishes his reference to a "parole stop" from the Indiana Court of Appeals' references to "parole discharge" or "turn over" in *Ross v. English*, 270 N.E.3d 526 (Ind. Ct. App. 2025). Additionally, if the implementation of a "parole stop" was void as Ross suggests, it seems the more natural consequence would be that Ross would have remained on parole as he was prior to the voided "parole stop" and that the Indiana Parole Board would have retained the authority to order him to serve the remainder of his murder sentence.

Further, even assuming that the Indiana Parole Board had acted without authority to allow Ross to serve his misdemeanor sentence before the completion of the murder sentence, it is unclear why the correct habeas remedy would be his immediate release rather than reallocation of credit time to the murder sentence. *See Boumediene v. Bush*, 553 U.S. 723, 779 (2008) ("[R[elease need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted."); *Waller v. Georgia*, 467 U.S. 39, 50 (1984) ("[T]he [habeas] remedy should be appropriate to the violation."); *see also Paul v. State*, 177 N.E.3d 472, 477 (Ind. Ct. App. 2021) (remand for credit time

reallocation when the trial court applied credit time to the wrong sentence in violation of Ind. Code § 35-50-1-2(e)). Had the Indiana Parole Board not implemented a "parole stop" as alleged, it appears that the only difference would have been that 180 days of credit time would have been allocated to his murder sentence instead of his misdemeanor sentence.

Nor is it clear how the Indiana Parole Board's actions amount to a violation of federal or constitutional law as required for federal habeas relief. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989) ("The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'") (quoting 28 U.S.C. § 2241(c)(3). Ross asserts that he is entitled to habeas relief because the Indiana Parole Board lost jurisdiction over him pursuant to "both Indiana and Federal Trial Rule 60(b)" by implementing the "parole stop." There are no Federal Trial Rules. Ross may be referring to the Federal Rules of Civil Procedure, but it is entirely unclear how the Indiana Parole Board could have violated Fed. R. Civ. P. 60(b). The Federal Rules of Civil Procedure apply only to civil actions in the federal district courts. Fed. R. Civ. P. 1. It is also unclear how the Indiana Parole Board could have violated Indiana Trial Rule 60(B), which merely allows parties to seek relief from judgments and orders in State civil actions, but even if it had, a violation of a State rule is not a valid basis for habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law.").

In sum, it is unclear why Ross believes that the Indiana Parole Board implemented a "parole stop" based on the sentencing decision of the Tippecanoe Superior Court. It is unclear how such a "parole stop" amounts to a violation of federal or constitutional law. It is also unclear how immediate release would be the appropriate remedy in this habeas case rather than a reallocation of credit time between sentences. Consequently, Ross cannot proceed on this habeas petition, but the court will grant him an opportunity to file an amended petition that addresses these substantial concerns.

Ross has also filed a motion to appoint counsel. ECF 2. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits the appointment of counsel in a habeas corpus case, if "given the difficulty of the case and the litigant's ability, [he] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have . . . a reasonable chance of winning with a lawyer at his side." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997).

At this juncture, Ross has asserted no valid claims, so the court cannot find that he would have a reasonable chance of success with an attorney. Similarly, without a valid claim before it, the court also cannot meaningfully assess the difficulty of the case or Ross's ability to litigate it. Moreover, Ross has recently litigated similar arguments without assistance of counsel before the Miami Circuit Court, the Indiana Court of Appeals, and the Indiana Supreme Court,[2] so the court does not perceive that he will be

---

[2] *Ross v. English*, 52C01-2309-MI-862 (Miami Cir. Ct. dismissed Feb. 24, 2023); *Ross v. English* 24A-MI-658 (Ind. Ct. App. opinion certified Mar. 11, 2026).

unable to file an amended habeas petition consistent with this order or to otherwise file an appropriate response. Therefore, the motion to appoint counsel is denied.

For these reasons, the court:

(1) **DENIES** the motion to appoint counsel (ECF 2);

(2) **ORDERS** Tom Ross to file an amended habeas petition consistent with this Order by July 27, 2026; and

(3) **CAUTIONS** Tom Ross that, if he does not respond by this deadline, this case will be dismissed without further notice.

SO ORDERED on June 30, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT