UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TOM ROSS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-455-CCB-SJF |

**OPINION AND ORDER**

Tom Ross, a prisoner without a lawyer, initiated this case by filing a habeas corpus petition under 28 U.S.C. § 2254 to challenge the decision of the Indiana Parole Board in February 2023 in which they revoked his parole and required him to serve the remainder of his 60-year sentence for murder in Case No. 18D01-9410-CF-43.[1] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the initial petition, Ross asserted a single claim, alleging that the Indiana Parole Board implemented a "parole stop" to allow Ross to "serve his second, consecutive misdemeanor case" and then "reconstituted" his murder sentence. ECF 1. According to Ross, the Indiana Parole Board lacked the statutory authority to implement a "parole stop" and also to "restart" his parole and then require him to serve

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/

the remainder of his murder sentence. *Id.* On June 30, 2026, the court reviewed the claim and articulated numerous concerns, including vagueness as to the term "parole stop," whether the allegations amounted to a violation of federal law, and, if so, whether immediate release was the appropriate remedy. ECF 5. However, rather than immediately dismissing the case, the court granted Ross an opportunity to amend his petition to address these concerns. *Id.*

Ross has now responded twice to this order. On July 27, 2026, Ross filed a response in which he only briefly addresses the "parole stop" claim, representing that "parole stop" does not appear to be a legal term but that someone had informed him that a "parole stop" had occurred while he was in custody. ECF 7. The brevity of this response suggests that Ross intends to abandon this claim, but even if he does not, he may not proceed on this claim because he has not adequately addressed any of the court's concerns set forth in the prior order.

Moving forward, in the same response, Ross also provides his explanation of the crime that culminated in both his parole revocation and a misdemeanor conviction and asks the court to release him. As before, Ross does not explain how this sequence of events amounts to a violation of federal or constitutional law, but this explanation seems most fairly construed as a sufficiency of the evidence claim. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979) ("[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."). The court observes that Ross pled guilty to the crime a month prior to his parole revocation in the

Tippecanoe Superior Court in Case No. 79D04-2208-F6-906. It is thus unclear how the Indiana Parole Board could have lacked sufficient evidence to revoke his parole based on the same criminal allegations.

On July 27, 2026, Ross also filed a separate response in which he asserts that he had completed his sixty-year murder sentence in its entirety before the Indiana Parole Board revoked his parole. ECF 8. He states that, based on his time served, earned time credit, and three-and-a-half years of educational credit, his release date for his murder sentence was in April 2022. According to Ross, his accrued earned credit time reduced his sentence by about one-half. He also contends that the Indiana Parole Board lacked authority to incarcerate him past March 2023.

Significantly, this claim appears to be based on substantial misunderstandings of Indiana law, relying heavily on the proposition that earned credit time has the effect of reducing the length of his sentence and the proposition that, when revoking parole, the Indiana Parole Board can only require prisoners to serve two additional years of incarceration. Neither of these propositions are correct. The Indiana Court of Appeals has explained the relationship between earned time credit and parole as follows:

> Once incarcerated, prisoners begin accumulating additional credits which shorten the length of time they will be incarcerated. Credit time is a statutory reward for a lack of conduct that is in violation of institutional rules. It is earned toward release on parole for felons, and does not diminish the fixed term or affect the date on which a felony offender will be discharged. Credit time is applied to determine a defendant's release date from prison but does not reduce the sentence itself.
>
> When a person imprisoned for a felony completes his fixed term of imprisonment, less the credit time he has earned with respect to that term, he shall be released on parole for no more than twenty-four months . . . . If

> parole is revoked, the person shall be imprisoned for all or part of the remainder of his fixed term; however, he shall again be released on parole when he completes that remainder, less the credit time earned since revocation.

*Willet v. State*, 151 N.E.3d 1274, 1279 (Ind. Ct. App. 2020).

Having established that earned time credit did not reduce Ross' sentence, the court need not precisely calculate his murder sentence to conclude that it did not expire in April 2022. He was sentenced in 1995 to sixty years of incarceration. By 2022, only twenty-seven years had elapsed, and even adding five years to account for Ross' educational credit and jail time would have left twenty-eight years of incarceration remaining on his murder sentence as of April 2022. Additionally, Indiana law authorized the Indiana Parole Board to require Ross to serve the remainder of his murder sentence. Therefore, Ross cannot proceed on this claim, and the court finds that Ross has not stated a valid habeas claim in either of his responses to the court's prior order.

The court further finds that these claims are procedurally defaulted. A petitioner seeking federal habeas relief must present his claims "through one complete round of State-court review." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Id.*

Ross challenged his parole revocation in State habeas proceedings in the Miami Circuit Court under Case No. 52C01-2309-MI-862. On appeal before the Indiana Court of Appeals, Ross raised only his "parole stop" claim. *See Ross v. English*, 70 N.E.3d 526 (Ind. Ct. App. 2025). He did not challenge the sufficiency of evidence supporting the parole revocation determination nor did he argue that he had served his entire murder sentence as of April 2022. Therefore, the court finds that the claims presented in the responses to the prior order are also procedurally defaulted.

In sum, the court finds that Ross has not stated a valid habeas claim and that his claims are procedurally defaulted. Consequently, Ross is not entitled to habeas relief, and the court will dismiss this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of the procedural ruling or whether the petition states a valid habeas claim. Therefore, the court denies Ross a certificate of appealability.

For these reasons, the court:

(1) **DENIES** the amended petitions (ECF 7, ECF 8) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because they do not state a valid claim for habeas relief and because the claims are procedurally defaulted;

(2) **DENIES** Tom Ross a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) **DIRECTS** the clerk to close this case.

SO ORDERED on August 13, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT